PEOPLE *v.* ROBERTSON.

FALSE PRETENSES—CRIMINAL INTENT—EVIDENCE OF OTHER TRANSACTIONS—ADMISSIBILITY.

In a prosecution for obtaining money by falsely representing that a note offered as collateral security was good and collectible, evidence of other transactions, wherein respondent had borrowed small sums and assigned other notes as security, is inadmissible to show criminal intent, where, in some of such cases, no representations were made, and in others the representations were not shown to be false.

Exceptions before judgment from Hillsdale; Chester, J. Submitted February 21, 1902. Decided March 4, 1902.

Harley D. Robertson was convicted of obtaining money by false pretenses. Reversed.

*C. M. Weaver* and *B. E. Sheldon*, for appellant.

*William H. Frankhauser*, Prosecuting Attorney, for the people.

GRANT, J. Respondent borrowed $15 from one Samuel J. Gier, and assigned to said Gier, as security therefor, a

promissory note, made by one W. D. Drake, for the sum of $25. The crime charged is that the respondent obtained this $15 by falsely representing that "said note for $25 was good and collectible, and that W. D. Drake was well able to pay, and would pay the same when due." Respondent repaid Gier his loan, and demanded his note; but Gier had placed the note in the hands of the prosecuting attorney at that time, and, about a month after repayment, the warrant for his arrest was issued. He was convicted.

The prosecution, in order to show criminal intent, was permitted to introduce evidence of five other transactions where the respondent had borrowed small sums of money and had assigned other notes as collateral security. In some of the cases no representations were made, and in others there was no testimony to show that the representations which were made were false. There was nothing in any of these cases tending to show any criminal conduct, and therefore they were inadmissible to show criminal intent in the case which was upon trial.

For this error the conviction must be reversed, and new trial ordered.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.